THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00143-MR-WCM

| | |
|---|---|
| WAYNE GULLATTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CITY OF ASHEVILLE and ) | |
| CHASITY WILSON, Assistant ) | |
| Manager, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] and his Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

On May 13, 2024, Wayne Gullatte ("Plaintiff"), proceeding *pro se*, filed his Complaint against the City of Asheville and Chasity Wilson, whom he identifies only as an "assistant manager," alleging "RACE – Job/employment discrimination" in violation of Title VII of the Civil Rights Act of 1964. [Doc. 1 at 3-4]. In support of his claim, Plaintiff alleges that "the events giving rise to [his] claim" occurred at "Harrah's Cherokee Center" in Asheville, North Carolina, on "August 7, 2023," and that "Chasity Wilson" "[a]ltered and

changed" his "[t]ime schedule[.]" [Id. at 4]. He alleges that this caused him "mental strain and loss of viable finances to continue [his] life." [Id. at 5].

Because Plaintiff is seeking to proceed without the prepayment of fees and costs, the Court must review his Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327 (1989). While Plaintiff's *pro se* Complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit the Court to ignore a clear failure to allege facts setting forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

To state a *prima facie* claim of race discrimination under Title VII, a plaintiff must allege (i) that he is a member of a protected class, (ii) that his job performance was satisfactory; (iii) that his employer took an adverse employment action against him; and (iv) that his employer treated someone

outside his protected class, with similar qualifications, more favorably than him. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Wilcox v. Transmodal Sols., LLC, 473 F. Supp. 3d 574, 582 (E.D. Va. 2020).

Here, Plaintiff's allegations are insufficient under each element. First, he has not alleged that he is a member of a protected class. Indeed, while he states he is bringing a Title VII claim based on race discrimination, he has made no allegations regarding his race. Second, he has failed to make any allegations regarding where he worked or what his role there was, so the Court cannot possibly evaluate whether Plaintiff's job performance was satisfactory to his employer. Third, while Plaintiff alleges that Chasity Wilson "[a]ltered and changed" his "time schedule," his allegations explain neither the relationship between Wilson and Plaintiff,[1] what sort of time schedule Wilson altered, how Wilson changed his schedule, nor why such change would constitute an adverse employment action. And fourth, Plaintiff has made no allegations regarding his employer's treatment of any other similarly situated employees. Thus, Plaintiff's allegations are entirely insufficient on their face to support a Title VII claim based on race discrimination.

---

[1] While Plaintiff alleges Wilson was/is an "assistant manager," his allegations explain neither where Wilson worked, nor that she was in any way responsible for managing Plaintiff.

3

Plaintiff has also not alleged that he filed s charge of discrimination with the EEOC or that he has received therefrom a notice of right to sue.

Accordingly, the Court concludes that the Complaint fails to state a claim upon which relief can be granted.

When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328; White v. White, 886 F.2d 721, 724 (4th Cir. 1989). It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action without prejudice.

Before dismissing this action, however, the Court will allow Plaintiff an opportunity to amend his Complaint to correct the deficiencies identified by this Order and to state a plausible claim against Defendants. The amended complaint must contain all of Plaintiff's claims and allegations; piecemeal amendment of the Complaint will not be permitted.

Plaintiff also seeks to prosecute this matter without prepaying the costs associated with so doing. [See Doc. 2]. However, in his Application, Plaintiff only states that he receives $135.00 per month in child support income, that he has no assets, and that he has no expenses. [Id.]. This information is an insufficient basis for the Court to determine whether Plaintiff has sufficient

resources from which to pay the filing fee for this action. Consequently, his Application is denied without prejudice. The Court will allow Plaintiff thirty (30) days to file a renewed Application or to pay the filing fee in this matter.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint [Doc. 1] in accordance with the terms of this Order. **If Plaintiff fails to amend the Complaint [Doc. 1] in accordance with this Order and within the time limit set, this action will be dismissed without prejudice and without further notice to Plaintiff.**

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file a renewed Application or to pay the filing fee.

**IT IS SO ORDERED**.

Signed: May 27, 2024

Martin Reidinger
Chief United States District Judge