THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00143-MR-WCM

| | |
|---|---|
| WAYNE GULLATTE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF ASHEVILLE and ) <br> CHASITY WILSON, Assistant ) <br> Manager, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on review of the Plaintiff's Amended Complaint [Doc. 5] and his Amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4].

**I.     BACKGROUND**

The Plaintiff Wayne Gullatte, proceeding *pro se*, commenced this action on May 13, 2024, by filing a Complaint against the City of Asheville and Chasity Wilson, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964. [Doc. 1]. The Plaintiff also filed an application to proceed *in forma pauperis*. [Doc. 2]. On May 28, 2024, the Court conducted an initial review of the Plaintiff's Complaint and concluded that the Complaint failed to state a claim upon which relief can be granted. [Doc. 3].

The Court also determined that the Plaintiff had failed to provide sufficient information from which the Court could determine whether he was able to pay the filing fee for this action and therefore denied the Plaintiff's Application without prejudice. [Id.]. The Plaintiff was given thirty (30) days in which to file an Amended Complaint curing the deficiencies identified in the Court's Order and to file an Amended Application to Proceed in District Court Without Prepaying Fees or Costs. [Id.].

On June 27, 2024, the Plaintiff filed the present Amended Complaint and Amended Application [Docs. 4, 5], which are now before the Court for review.

## II. STANDARD OF REVIEW

Because the Plaintiff is seeking to proceed *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a prima facie claim of race discrimination under Title VII, a plaintiff must allege (i) that he is a member of a protected class, (ii) that his job performance was satisfactory; (iii) that his employer took an adverse employment action against him; and (iv) that his employer treated someone outside his protected class, with similar qualifications, more favorably than him. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Wilcox v. Transmodal Sols., LLC, 473 F. Supp. 3d 574, 582 (E.D. Va. 2020). "[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level." Coleman, 626

F.3d at 190 (quoting in part Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002)).

On its initial review of the Plaintiff's original Complaint, the Court found that the Plaintiff failed to state a cognizable claim for relief under Title VII and therefore allowed the Plaintiff the opportunity to file an Amended Complaint. [Doc. 3]. The Amended Complaint, however, fails to cure the defects in the Plaintiff's original Complaint. While the Plaintiff again alleges that he was subjected to racial discrimination, he continues to do so in a conclusory fashion, without presenting any plausible factual allegations to support his claim. The Plaintiff alleges that "someone who is very similar to [his] position, duties was treatment more favorable under similar duties," [Doc. 5 at 4] (errors uncorrected), but fails to allege any plausible facts to show that he and this other employee were in fact similarly situated or, in fact, that they were of different races. The Plaintiff further alleges that he was "treated unfair, unkind, unpleasant, insulting," and that he was "wrongful[ly] terminated." [Id. at 4-5]. However, he fails to assert any plausible factual allegations to show that race was the "true basis" for his termination. See Coleman, 626 F.3d at 191.

When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke,

4
Case 1:24-cv-00143-MR-WCM   Document 7   Filed 08/09/24   Page 4 of 6

490 U.S. at 328; White v. White, 886 F.2d 721, 724 (4th Cir. 1989). This action is dismissed without further leave to amend, as the Plaintiff was previously granted to opportunity to amend and is unable to state a claim. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020) (per curiam) (where a district court has already afforded a plaintiff the opportunity to amend, it has the discretion to afford him another opportunity to amend, or dismiss the complaint with prejudice); Workman v. Morrison Healthcare, 724 F. App'x 280, 281 (4th Cir. 2018) (same).

The Plaintiff also renews his request to proceed without having to prepay the costs associated with prosecuting this matter. [See Doc. 5]. In his Amended Application, the Plaintiff claims to have no income, although he claimed in his prior Application that he receives $135.00 per month in child support income. He continues to assert that he has no assets, and that he has no expenses, despite having a minor child who relies upon him for support. [Id.]. The Plaintiff again has failed to provide sufficient information from which this Court can determine whether Plaintiff has sufficient resources from which to pay the filing fee for this action. Consequently, his Amended Application is denied.

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 5] in **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4] is **DENIED**.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 8, 2024

Martin Reidinger
Chief United States District Judge